1

2

3

4

5

6

7

8

9

10

11

12

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

13

14

KENNETH ALAN SIERRA,
CDCR #D-00119,

Plaintiff,

15

16

vs.

17

18

GRANNIS, et al.,

19

20

Defendants.

21

22

Civil No.    08-0887 RTB (CAB)

**ORDER:**

**(1)  SUA SPONTE DISMISSING COMPLAINT AS FRIVOLOUS PURSUANT TO
28 U.S.C. §§ 1915(e)(2) and 1915A(b); AND**

**(2) DENYING MOTION FOR EXTENSION OF TIME [Doc. No. 10] AS MOOT**

23

24

**I.**

25

**PROCEDURAL HISTORY**

26

On June 23, 2008, Plaintiff, an inmate currently incarcerated at the California State

27

Prison located in Corcoran, California and proceeding pro se, filed a civil rights Complaint

28

pursuant to 42 U.S.C. § 1983.  Plaintiff did not prepay the $350 filing fee mandated by 28

1   U.S.C. § 1914(a) to commence a civil action; instead, he filed a Motion to Proceed *In Forma*

2   *Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].  The Court granted Plaintiff's

3   Motion to Proceed *IFP* on June 27, 2008 [Doc. No. 4].   Plaintiff filed a "Motion for Extension

4   of Time" on September 15, 2008 [Doc. No. 10].

5          On November 25, 2008, this matter was reassigned to District Judge Roger T. Benitez

6   for all further proceedings [Doc. No. 15].

7                                                 **II.**

8                **SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

9          The Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints

10  filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or

11  detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations

12  of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary

13  program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

14  Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any

15  portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages

16  from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*,

17  203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d

18  443, 446 (9th Cir. 2000) (§ 1915A).

19         Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte

20  dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130.  An action is

21  frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319,

22  324 (1989).  However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing

23  an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of

24  the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(3). *Id.* at 1127 ("[S]ection

25  1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint

26  that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)

27  (discussing 28 U.S.C. § 1915A).

28  / / / /

1  "[W]hen determining whether a complaint states a claim, a court must accept as true all

2  allegations of material fact and must construe those facts in the light most favorable to the

3  plaintiff."  *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2)

4  "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").  In addition, the Court's

5  duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*,

6  839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases."  *Ferdik v.*

7  *Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

8  Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person

9  acting under color of state law committed the conduct at issue, and (2) that the conduct deprived

10  the claimant of some right, privilege, or immunity protected by the Constitution or laws of the

11  United States.  *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled*

12  *on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769

13  F.2d 1350, 1354 (9th Cir. 1985) (en banc).

14  Here, the allegations in Plaintiff's Complaint are nearly incomprehensible.  Very little

15  of Plaintiff's Complaint is discernible but he appears to allege that he was known to former

16  President John F. Kennedy, and his brother Robert F. Kennedy, as "Kenny."  (Compl. at 8.)

17  Plaintiff further claims that he is the "source as to the identify of the riflemen on the grassy knoll

18  in Dallas, Texas."  (*Id.*)  Plaintiff also appears to be seeking recovery of his World Series ring

19  that he received as a member of the Florida Marlins baseball team.  (*Id.* at 3.)

20  In reviewing the Complaint, it is simply impossible to understand the underlying factual

21  allegations that Plaintiff claims give rise to the alleged constitutional violation. A complaint is

22  frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S.

23  319, 325 (1989).  Here, the Court finds Plaintiff's claims to be frivolous under 1915(e)(2)(B)

24  because they lack even "an arguable basis either in law or in fact," and appear "fanciful,"

25  "fantastic," or "delusional."  *Neitzke*, 490 U.S. at 325, 328.

26  / / /

27  / / /

28  / / /

**III.**

**CONCLUSION AND ORDER**

Good cause appearing, **IT IS HEREBY ORDERED** that:

Plaintiff's Complaint [Doc. No. 1] is **DISMISSED** without prejudice as frivolous. See 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). Moreover, because the Court finds amendment of Plaintiff's § 1983 claims would be futile at this time, leave to amend is **DENIED.** See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); see also Robinson v. California Bd. of Prison Terms, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed without leave to amend; any amendment would be futile.") (citing Newland v. Dalton, 81 F.3d 904, 907 (9th Cir. 1996)). In addition, Plaintiff's "Motion for Extension of Time" [Doc. No. 10] is **DENIED** as moot.

The Clerk shall close the file.

DATED: January 20, 2009

_____
Hon. Roger T. Benitez
United States District Judge