# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

| | |
|---|---|
| KEITH ALAN SIERRA, CDCR #D-00119,<br><br>  Plaintiff,<br><br>vs.<br><br>GRANNIS, et al.,<br><br>  Defendants. | Civil No. 08-0887 RTB (CAB)<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL;**<br><br>**(2) GRANTING MOTION FOR A COPY OF COMPLAINT; AND**<br><br>**(3) DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**[Doc. Nos. 20, 21, 22]** |

## I.

### PROCEDURAL HISTORY

On June 23, 2008, Plaintiff, an inmate currently incarcerated at the California State Prison located in Corcoran, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C.

§ 1914(a) to commence a civil action; instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2]. The Court granted Plaintiff's Motion to Proceed *IFP* on June 27, 2008 [Doc. No. 4]. Plaintiff filed a "Motion for Extension of Time" on September 15, 2008 [Doc. No. 10].

On November 25, 2008, this matter was reassigned to District Judge Roger T. Benitez for all further proceedings [Doc. No. 15]. On January 21, 2009, this Court conducted a sua sponte screening of Plaintiff's Complaint and dismissed Plaintiff's Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(b) & 1915A(b). (*See* Jan. 21, 2009 Order at 4.) On February 2, 2009, Plaintiff filed a "Motion for an Order of Copy of Complaint Relied Upon by Court for Review of Judgment in Dismissal," a "Motion for Appointment of Counsel," and a "Motion for Reconsideration" [Doc. Nos. 20, 21, 22]. Plaintiff also filed a Declaration in support of all these Motions [Doc. No. 24]. Finally, Plaintiff filed a Notice of Appeal of the Court's January 21, 2009 Order [Doc. No. 23]. The United States Court of Appeals for the Ninth Circuit issued an Order holding Plaintiff's appeal in abeyance pending this Court's ruling on the outstanding motions.

## II.

### MOTION FOR COPY OF COMPLAINT [DOC. NO. 20]

In this request, Plaintiff seeks a copy of the Complaint which the Court sua sponte screened in its January 21, 2009 Order. Plaintiff's Motion is **GRANTED** and the Clerk of Court is directed to mail a copy of Plaintiff's Complaint [Doc. No. 1] to Plaintiff.

## III.

### MOTION FOR APPOINTMENT OF COUNSEL [DOC. NO. 21]

Plaintiff requests appointment of counsel. "There is no constitutional right to appointed counsel in a § 1983 action." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)); *see also Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) ("[T]here is no absolute right to counsel in civil proceedings.") (citation omitted). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S.

296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*, 113 F.3d at 1525. "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017. For these reasons, the Court **DENIES** Plaintiff's Motion for Appointment of Counsel [Doc. No. 21].

## IV.

### PLAINTIFF'S MOTION FOR RECONSIDERATION

### A. Standard of Review

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. However, a motion for reconsideration may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b).[1] *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Dev. Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994). In *Osterneck*, the Supreme Court stated that "a postjudgment motion will be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" *Id.* at 174 (quoting *White v. New Hampshire Dep't of Employment Sec.*, 455

---

[1] Rule 59(e) motions must be filed "no later than 10 days after the entry of the judgment." FED. R. CIV. P. 59(e). Under Rule 60(b), however, a motion for "relief from judgment or order" may be filed within a "reasonable time," but usually must be filed "not more than one year after the judgment, order, or proceeding was entered or taken." FED. R. CIV. P. 60(b). Reconsideration may be granted in the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any other reason justifies relief. FED. R. CIV. P. 60(b).

U.S. 445, 451 (1982)). Under Rule 59(e), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).

**B.    Discussion**

Plaintiff's Motion states that he is seeking reconsideration of the Court's January 21, 2009 Order and refers to the "attached affidavit/memorandum of law." (Pl.'s Mot. at 1.) The Court has reviewed the affidavit [Doc. No. 24] and finds that it is as incomprehensible as Plaintiff's Complaint. For example, the allegations in Plaintiff's affidavit include a suggestion that prison staff "influenced" the reassignment of Judges in this matter and that the California Department of Corrections and Rehabilitation ("CDCR") has destroyed documents which would prove Plaintiff's involvement with the Florida Marlins baseball team. (*See* Pl.'s Affidavit at 4, 6.)

Plaintiff has provided no newly discovered evidence, has failed to show clear error or that the Court rendered a manifestly unjust decision, and has further failed to identify any intervening changes in controlling law that would demand reconsideration of the Court's Order. *School Dist. No. 1J*, 5 F.3d at 1263.

# V.

**CONCLUSION AND ORDER**

Good cause appearing, **IT IS HEREBY ORDERED** that:

(1)    Plaintiff's Motion for a Copy of Complaint [Doc. No. 20] is **GRANTED**. The Clerk of Court is directed to mail a copy of Plaintiff's Complaint [Doc. No. 1] to Plaintiff;

(2)    Plaintiff's Motion for Appointment of Counsel [Doc. No. 21] is **DENIED**; and

(3)    Plaintiff's Motion for Reconsideration [Doc. No. 22] is **DENIED**.

DATED: May 4, 2009

Hon. Roger T. Benitez
United States District Judge